Order of the County Court, Kings County, denying defendant’s motion, in the nature of a writ of error coram nobis, to set aside a judgment of conviction of that court rendered upon his plea of guilty, to withdraw his plea of guilty, and for a hearing, affirmed. Appellant and two codefendants were indicted for the crimes of robbery in the first degree, grand larceny in the first degree, and assault in the second degree. On May 27, 1930, appellant pleaded not guilty; on June 6, 1930, he withdrew his plea of not guilty, pleaded guilty to the crime of robbery in the second degree, and was sentenced on June 17,1930. His codefendants pleaded guilty to the crime of robbery in the third degree on June 19, 1930, and were sentenced on that date. Appellant’s codefendants were represented by their own eminent lawyers. Appellant contends that he was not advised of his right -to have counsel and to have counsel assigned and that he was not represented by counsel. Notations on the indictment show that counsel was assigned to him and gave the name of counsel. The clerk’s minutes of the court state that counsel was assigned and the name of counsel. The trial sheet- of the District Attorney’s office has an entry that this counsel was assigned. The name of the lawyer is misspelled in the records and is written phonetically. The affidavit of a clerk of the court, who made entries upon the original indictment as to the assignment of counsel to the appellant, states that he knew this lawyer personally, that the lawyer had been associated with the County Judge prior to his election as Judge and had been frequently assigned as defense counsel by the Judge; that he had not known the correct spelling of the lawyer’s name but knew it now. The lawyer, in affidavits, states that he has no recollection or records of the case or of the defendant; that it was his custom to destroy his records every eight or ten years; that he was assigned on occasion by the County Judge, with whom he had formerly been *991 associated, to represent defendants. He also states that, at times when he had so been assigned and could not attend the cases, he would request the County Judge to be relieved from the assignment and that he wonders if this is one of those cases in which he had asked to be relieved. Nothing in the affidavits of the attorney nor in any of the papers submitted by appellant overcomes the presumption of regularity attending the judgment of conviction or the records of the court and of the District Attorney’s office. (People v. Varelli, 277 App. Div. 887.) Appellant’s bald assertion to the contrary, first put forth nineteen years after the conviction, must be rejected. Appellant had been convicted in 1926 of a misdemeanor and in 1939, upon conviction of another crime by verdict of a jury, he was sentenced as a second offender, the basis of the second offense sentence being the 1930 conviction. Appellant makes no claim that he was prejudiced by the alleged failure to advise him of his right to counsel and to assign counsel. On this record, the County Court was not required to grant him an oral hearing. (People v. Richetti, 276 App. Div. 1091; Code Grim. Pro. § 684; Poster v. Illinois, 332 U. S. 134, 137; Quicksall v. Michigan, 339 U. S. 660, 666.) Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ. concur.